UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MISTIE W., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. 23-10696 <br> Magistrate Judge Elizabeth A. Stafford |

**OPINION AND ORDER ON CROSS-MOTIONS FOR
SUMMARY JUDGMENT (ECF NOS. 11 & 13)**

I.  **Introduction**

Plaintiff Mistie W. appeals a final decision of defendant Commissioner of Social Security (Commissioner) denying her application for supplemental security income (SSI) under the Social Security Act. Both parties consented to the undersigned conducting all proceedings under 28 U.S.C. § 636(c) and then moved for summary judgment. ECF No. 10; ECF No. 11; ECF No. 13. After review of the record, the Court:

- **GRANTS** Plaintiff's motion (ECF No. 11);
- **DENIES** the Commissioner's motion (ECF No. 13); and

- **REMANDS** this matter to the Commissioner under 42 U.S.C. § 405(g).

II.   **Background**

    A.  **Plaintiff's Background and Disability Application**

Born in August 1975, plaintiff was 45 years old at the time of her application.  ECF No. 7-1, PageID.65.  Plaintiff had no past relevant work.  *Id.*  She claimed to be disabled from pain issues, agoraphobia, PTSD, lump on breast, avoidance of males, anxiety, depression, obesity, high blood pressure, allergies, stress migraines, pinched nerves, osteoarthritis, and grinding hips and hands.  *Id.*, PageID.104.

After the Commissioner denied her disability application initially, plaintiff requested a hearing, which took place in September 2022.  *Id.*, PageID.49.  Plaintiff and a vocational expert (VE) testified at the hearing.  *Id.*  In the decision that followed, the ALJ found plaintiff not disabled.  *Id.*, PageID.66.  The Appeals Council denied review, and the ALJ's decision became the final decision of the Commissioner.  *Id.*, PageID.46.  Plaintiff timely filed for judicial review.  ECF No. 1.

    B. **The ALJ's Application of the Disability Framework Analysis**

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental

2

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. § 416.920(a)(4). Second, if the claimant has not had a severe impairment or a combination of such impairments[1] for a continuous period of at least 12 months, no disability will be found. *Id.* Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.* If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity (RFC) and will find the claimant not disabled if he or she can still do past relevant work. *Id.* At the final step, the Commissioner reviews the claimant's RFC, age, education, and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if

---

[1] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c).

3

the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that plaintiff was not disabled. At the first step, he found that plaintiff had not engaged in substantial gainful activity since the application date. ECF No. 7-1, PageID.51. At the second step, the ALJ found that plaintiff had the severe impairments of osteoarthritis and allied disorders; diabetes mellitus; obesity; essential hypertension; fractures of the upper limb; anxiety and obsessive-compulsive disorder; personality disorders; depressive, bipolar, and related disorders; trauma and stressor-related disorders; and substance addiction disorders (drugs and alcohol). *Id.* Next, the ALJ concluded that none of her impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. *Id.*, PageID.53.

Between the third and fourth steps, the ALJ found that plaintiff had the RFC to perform light work, except

> Postural activities can be performed occasionally; handling and fingering is limited to frequent on the left; must avoid concentrated exposure to temperature extremes, humidity extremes, vibration, and hazards; and the claimant is capable of understanding, remembering, and carrying out simple routine tasks in a low stress environment (a low stress environment would include only occasional changes in the work setting and no fast paced production work).

4

*Id.*, PageID.55 (cleaned up).  At step four, the ALJ found that plaintiff had no past relevant work.  *Id.*, PageID.65.  At the final step, after considering plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ also concluded that she could perform jobs that existed in significant numbers in the national economy, including office cleaner, mail clerk, and cashier.  *Id.*, PageID.65-66.  The ALJ thus concluded plaintiff was not disabled.  *Id.*, PageID.66.

### III.     Analysis

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards.  *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations.  And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high.  Substantial evidence, this Court has said, is more than a mere scintilla.  It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up).  The substantial-evidence standard does not permit the Court to independently weigh the evidence.  *Hatmaker v. Comm'r of Soc. Sec.*, 965 F. Supp. 2d

5

917, 930 (E.D. Tenn. 2013) ("The Court may not reweigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion."); *see also Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) ("If the Secretary's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion.").

     Plaintiff argues that the Court must remand this matter because the ALJ (1) erred in the credibility analysis, especially in assessing obesity and her other impairments; (2) improperly analyzed the opinion of a consultative examiner; (3) did not build a logical bridge between obesity and the standing/sitting requirements; and (4) made an improper credibility determination based on plaintiff's history of drug use.  ECF No. 11, PageID.675-676.  The Court agrees that the ALJ failed to sufficiently articulate whether he found the consultative examiner's opinion persuasive and therefore remands this matter for further consideration.

     ALJs must explain the persuasiveness of all opinions from both treating and non-treating sources by considering several factors.  20 C.F.R. § 416.920c(a).  "But the regulations only require ALJs to discuss the first

6

two—supportability and consistency." *Hardy v. Comm'r of Soc. Sec.*, 554 F. Supp. 3d 900, 905 (E.D. Mich. 2021). Under the supportability factor, the more relevant "objective medical evidence and supporting explanations presented by a medical source to support his or her medical opinion," the more persuasive the medical opinion will be. 20 C.F.R. § 416.920c(c)(1). An opinion that is more consistent with the evidence from other medical sources and nonmedical sources is also more persuasive. *Id.* § 416.920c(c)(2). The regulations require that the ALJ sufficiently articulate his reasoning for his persuasiveness findings. *Hardy*, 544 F. Supp. 3d at 902.

In her November 2021 medical opinion, Cynthia Shelby-Lane, M.D., said that plaintiff reported pain in her hips, back, knees, hands, wrists, and ankles, and stated that she had a history of pinched nerves and chronic pain with osteoarthritis. ECF No. 7-1, PageID.479-481. After an examination, Dr. Shelby-Lane found that plaintiff had occasional standing, walking, and postural limitations, as well as limits with using her left arm. *Id.* PageID.481. Plaintiff wore a cast on her left forearm and wrist at the time of Dr. Shelby-Lane's examination, causing a limited range of motion in the left upper extremity. *Id.*, PageID.480. The ALJ found the portion of Dr. Shelby-Lane's opinion about plaintiff's left arm unpersuasive because

7

plaintiff required no cast during the hearing, thus showing improvement. *Id.*, PageID.64. He found persuasive Dr. Shelby-Lane's finding that plaintiff needed occasional postural limitations. *Id*. But while the ALJ noted that plaintiff's records generally noted "good gait and extremity movement," he did not say whether he found persuasive Dr. Shelby-Lane's opinion that plaintiff was limited to occasional walking and standing. *Id*.

The ALJ's failure to articulate whether he was persuaded that plaintiff was limited to occasional walking and standing matters because "[o]ccasionally' means occurring from very little up to one-third of the time," which aligns with sedentary work. Social Security Ruling (SSR) 83-10, 1983 WL 31251, at *5; *see also* 20 C.F.R. § 416.967(a) & (b). The "primary difference between sedentary and most light jobs" is that light work "requires a good deal of walking or standing." *Id*. "[T]he full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." SSR 83-10, 1983 WL 31251, at *6. The ALJ did not articulate a finding that plaintiff could do a good deal of walking or standing despite Dr. Shelby-Lane's opinion otherwise.

And the RFC assessed by the ALJ required light work with postural, handling, fingering, and non-exertional limitations, but no limitations for walking or standing outside of the six to eight hours per workday expected

8

for light work. The ALJ's hypothetical to the vocational expert matched the assessed RFC. ECF No. 7-1, PageID.95-96. So the VE did not testify that jobs existed for plaintiff if she were limited to occasional walking and standing. "In order for a vocational expert's testimony in response to a hypothetical question to serve as substantial evidence in support of the conclusion that a claimant can perform other work, the question must accurately portray a claimant's physical and mental impairments." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010).

On remand, the ALJ must articulate whether Dr. Shelby-Lane's opinion that plaintiff is limited to occasional walking and standing is persuasive and, if so, he must reconsider plaintiff's RFC.

## IV. Conclusion

The Court **GRANTS** plaintiff's motion for summary judgment (ECF No. 11), **DENIES** the Commissioner's motion for summary judgment (ECF No. 13), and **REMANDS** this matter to the Commissioner for reconsideration that is consistent with this opinion.

                                                  s/Elizabeth A. Stafford
                                                  ELIZABETH A. STAFFORD
                                                  United States Magistrate Judge

Dated: March 7, 2024

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 7, 2024.

                                            s/Marlena Williams
                                            MARLENA WILLIAMS
                                            Case Manager